IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JONG MAO | § | |
| | § | |
| v. | § | No. 6:07-CV-310 |
| | § | |
| STATE FARM LLOYDS, INC. | § | |

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant State Farm Lloyds' Motion for Summary Judgment (Doc. No. 13). After consideration of the same, it is the opinion of the Court that said motion should be GRANTED.

**I. BACKGROUND**

Plaintiff Jong A. Mao ("Mao")[1] or her trust, the "Jong Ock Mao Declaration of Trust Dated July 17, 2001" ("Mao Trust"), is the sole shareholder of the corporations Jong's Consulting, Inc. ("Jong's Consulting")[2] and MX Oasis, Inc. ("MX Oasis")[3]. In June 2005,

---

[1] At times, Plaintiff uses the names Jong Ock Mao or Jong Ock Hahn. Plaintiff's maiden name is Hahn.

[2] State Farm has provided Articles of Incorporation dated June 23, 1999, for Jong's Consulting, Inc. from the Secretary of State of California. Jong Ock Hahn is listed as the corporation's initial agent and initial director. State Farm has also provided an Application for Registration of a Foreign For-Profit Corporation, filed by Jong Ock Mao as President of Jong's Consulting, Inc. with the Secretary of State of Texas on February 13, 2006. Additionally, State Farm has provided Anderson County records containing a Deed of Trust dated June 29, 2005, signed by Jong Ock Mao as "President" and on behalf of Jong's Consulting, Inc., a California Corporation.

[3] State Farm has provided an Application for Certificate of Authority dated August 26, 2005, from the Secretary of State of the State of Texas listing MX Oasis, Inc. as a corporation. Jong Ock Mao is listed as the proposed registered agent, sole director, and sole officer. A Texas Franchise Tax Public Information Report for MX Oasis, Inc., dated

Mao applied for a homeowner's insurance policy with Defendant State Farm Lloyds, Inc. ("State Farm") to insure real property and the structure located on it at 6032 FM 322, Palestine, Anderson County, Texas (the "Property").[4] Mao signed her name to the application and made no mention of Jong's Consulting or MX Oasis. On June 10, 2005, State Farm issued a Texas Homeowner's Policy (the "Policy") naming "Jong A. Mao" as the insured.

The Policy insures the Property and its contents against casualty loss from June 17, 2005 through June 17, 2006. It also insures the Property's fair rental value against loss of use. In pertinent part, the Policy provides:

COVERAGE C – LOSS OF USE

2. Fair Rental Value. When a Loss Insured[5] causes the part of the residence premises rented to others or held for rental by you to become uninhabitable, we will cover its fair rental value .

The Policy also contains a definition section, which in pertinent part, provides:

DEFINITIONS:

1. "You" and "your" mean the "named insured" shown in the Declarations. Your spouse is included if a resident of your household.

On December 22, 2005, Jong's Consulting, executed a three year lease of the Property

---

January 28, 2007, also lists Jong Ock Mao as the sole officer and director.

[4] As a result of a felony indictment against Jong, a notice of lis pendens was filed against the Property on April 17, 2006, in connection with a forfeiture action pending in the United States District Court for the Central District of California.

[5] It appears that the term "Loss Insured" refers to Section 1 of the Policy, which describes the possible causes of damage to the Property that are covered by the Policy (i.e. fire, lightning, windstorm, hail). In this case, the "Loss Insured" is fire.

to MX Oasis beginning on June 1, 2005, for a monthly rental fee of $6,000. The Lease Agreement named Jong's Consulting as the lessor and MX Oasis as the lessee. Mao signed her name "Jong Ock Mao" in the space provided for lessor's signature and "Jong O. Mao" in the space provided for lessee's signature. The monthly rental payments were made to Jong's Consulting from MX Oasis through an account opened and funded by Mao.

On September 25, 2006, a fire completely destroyed the dwelling on the Property. On November 3, 2006, State Farm sent a letter to Mao indicating there was a question as to the authenticity of Mao's claim for lost rents, because Mao rented the Property from herself as owner of both the lessee and lessor corporations. On November 16, 2006, Mao's attorney sent a letter to State Farm confirming that Mao was the "sole owner" of both Jong's Consulting and MX Oasis. Attached to the letter was a Stock Power Assignment Form dated July 17, 2001, which lists Jong Ock Mao as selling, assigning and transferring all shares of the common stock of Jong's Consulting to the Mao Trust. A similar document was attached to the letter regarding MX Oasis. On November 17, 2006, another of Mao's attorneys sent a letter to State Farm stating that Mao only owned a partial interest in MX Oasis.

On March 8, 2007, State Farm formally rejected Mao's claim for lost rental income on alternative grounds. First, State Farm argued that if Jong's Consulting is a separate legal entity from Mao, the claim is not covered under the Policy, as the insured listed on the policy is Mao in her individual capacity. Second, State Farm argued that if Jong's Consulting and MX Oasis were Mao's alter egos, the claim is not covered under the Policy, because the arrangement is one in which Mao made payments to herself as the owner of both companies.

On June 4, 2007, Mao filed the instant lawsuit in the County Court at Law of Anderson County, Texas, for breach of contract, a violation of Chapter 21.55 of the Texas Insurance Code (now Chapter 542.060 of the Texas Insurance Code), and attorneys fees, pre- and post-judgment interest, and costs of suit. State Farm was served on June 15, 2007, and timely removed the action to this Court on July 6, 2007.

State Farm filed a Motion for Summary Judgment (Doc. No. 13) on November 19, 2007. To date, Mao has not filed a response. On March 24, 2008, Mao's attorney did file an Unopposed Motion for Amendment of Scheduling Order and Continuance of Trial Date (Doc. No. 22). However, that motion only discussed reasons why Mao's attorney could not be ready for trial at its present setting and made no mention of the outstanding motion for summary judgment. Moreover, the motion discussed the attorney's personal problems that purportedly began on January 29, 2008, a date which was already well past the response deadline.

## II.  SUMMARY JUDGMENT STANDARD

A summary judgment motion may only be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A "material fact" is one that might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods, Inc.*, 164 F.3d 957, 961 (5th Cir. 1999)(internal citations omitted). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could

4

return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961. When ruling on a motion for summary judgment, the Court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961. The Court does not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. *See Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1048 (5th Cir. 1996)(*citing Little v. Liquid Air Corp.*, 37 F.3d, 1069, 1075 (5th Cir. 1994)(en banc)).

The party seeking summary judgment bears the initial burden of demonstrating the lack of a genuine issue of material fact. *See Little*, 37 F.3d at 1075. If the moving party "fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *Id.* If the movant meets its burden, Rule 56 requires the opposing party to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *Anderson*, 477 U.S. at 250; *EEOC v. Texas Instruments Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace*, 80 F.3d at 1046-47. The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita*, 475 U.S. at 585; *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075. "The nonmovant is also required to articulate the precise manner in which the submitted or identified evidence supports his or her claim." *Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004)(*citing Ragas*, 136 F.3d at 458).

A Court cannot grant a motion for summary judgment simply because no opposition was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)(citing *John v. La. (Bd. Of Trustees for State Colleges and Universities)*, 757 F.2d 698, 709 (5th Cir. 1985)). The movant still has the burden of establishing the absence of a genuine issue of material fact. *Id.* However, the Court may accept the movant's evidence as undisputed and may grant summary judgment to the movant upon a *prima facie* showing of entitlement. *See Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988).

### III.   ANALYSIS

#### A.   Breach of Contract

The Loss of Use provision in the Policy states that fair rental value on the Property is payable "[w]hen a Loss Insured causes that part of the residence premises rented to others or held for rental by you to become uninhabitable." The term "you" is defined in the Policy as the "named insured." The named insured on the Policy is Mao. Therefore, if Mao owned and leased the Property, she would be able to collect on the insurance claim. However, the uncontroverted evidence shows that Mao's corporation, Jong's Consulting, owned and leased the Property.

"Under Texas law, a corporation is a distinct legal entity separate from its shareholders." *Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex. 1997)(citing *Massachusetts v. Davis*, 168 S.W.2d 216, 222 (1942)). An individual's status as president and sole shareholder of a company does not equate him with a company. *See Grain Dealers Mut. Ins. Co.*, 943 S.W.2d at 458. Only under extraordinary circumstances

may the corporate fiction be disregarded; mere control and ownership of all the stock of a corporation is not a sufficient basis for ignoring the distinction between a shareholder and a corporate entity. *Id.* (citing *Davis*, 168 S.W.2d at 224).

Therefore, while the evidence also shows that the sole shareholder of Jong's Consulting is either Mao or the Mao Trust, Mao cannot collect on the Policy.[6] Jong's Consulting is not listed on either the insurance application or the Policy. Both of these documents list only Mao, an individual, as the named insured. However, the evidence shows that Jong's Consulting owned and leased the Property.[7] The evidence also shows that rental fees were paid to Jong's Consulting, not Mao.[8] Therefore, it was Jong's Consulting that suffered monetary damages for lost rent. Mao presents no law, and the Court has not found any cases or statutes, indicating that a sole shareholder can recover when she is the named insured but her corporation owns the insured property. Because Mao, in her individual capacity, is the named insured on the Property and because the Property did not belong to Mao, the insurance claim is not covered under the Policy.

---

[6] Mao has not provided, nor has the Court found, any support for the idea that a trust, as sole shareholder of a corporation, would be treated as any less separate and distinct from the corporation than an individual shareholder. Moreover, the insurance policy lists Mao in her individual capacity and not as Trustee of the Mao Trust.

[7] State Farm submitted Anderson County records of a Special Warranty Deed with Vendor's Lien executed on June 23, 2005, listing Jong's Consulting as the purchaser and fee simple owner of the Property. The records also contain a Deed of Trust executed on the same day in favor of Citizens National Bank for $800,000 for the mortgage on the Property. Mao signed the Deed of Trust as President of Jong's Consulting, Inc.

[8] State Farm submitted cancelled checks demonstrating that rental payments were made by MX Oasis to Jong's Consulting, not Mao.

Accordingly, Mao's cause of action for breach of contract fails as a matter of law.

### B. Violation of Texas Insurance Code Chapter 542

In addition to cause of action for breach of contract, Mao also brings a cause of action for the violation of Texas Insurance Code Chapter 542 for the untimely payment of her insurance claim. To succeed on a cause of action for untimely payment of an insurance claim, the insured must first prove that the insurer is liable for the underlying claim. *See* Tex.Ins.Code § 542.060(a); *Salinas v. State Farm Lloyds*, No. 06-40121, 2008 WL 552498 (5th Cir. Feb. 28, 2008)(citing *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291 (Tex 2001)). Because the Court finds that State Farm is not liable for the underlying claim, this cause of action fails as a matter of law.

### C. Breach of Good Faith and Fair Dealing

In its motion for summary judgment, State Farm also argues that it is not liable to Mao for a breach of the duty of good faith and fair dealing. However, the Court sees no such cause of action asserted by Mao. Nevertheless, if this cause of action were asserted by Mao based simply on State Farm's denial of the insurance claim, it would not survive summary judgment. *See Tivoli Corp. v. Jewelers Mut. Ins. Co.*, 932 S.W.2d 704, 712 (Tex.App.– San Antonio 1996)(citing *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995))(holding that when the denial of the underlying insurance claim is appropriate, the extra-contractual cause of action for breach of good faith and fair dealing fails along with the breach of contract claim).

## IV. CONCLUSION

After careful review and consideration, and for the reasons stated above, the Court finds no genuine issue of material fact that precludes summary judgment in favor of Defendant State Farm Lloyds, Inc. It is therefore,

ORDERED, ADJUDGED, and DECREED that Defendant State Farm Lloyds' Motion for Summary Judgment (Doc. #13) be, and hereby is, GRANTED.

It is SO ORDERED.

**SIGNED this 20th day of May, 2008.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE